**Kulwinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Docket No. 03–40044–AG.**

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Kulwinder Singh, Richmond Hill, New York, for Petitioner, pro se.

Melissa S. Mundell, Assistant United States Attorney for the Southern District of Georgia, Savannah, Georgia, for Respondent.

Present: JACOBS, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Kulwinder Singh petitions for review of the May 22, 2003 decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Singh's underlying claims for asylum and withholding of removal were denied on August 2, 1999, based on the finding of the Immigration Judge ("IJ") that Singh had failed to corroborate his testimony regarding, among other things, his alleged (1) membership in the All–India Sikh Student Federation ("AISSF"), (2) medical treatment, and (3) arrest warrant. On December 9, 2000, the BIA summarily affirmed the IJ's decision, and Singh has not filed a petition for review from this order. Instead, Singh moved the BIA to reopen his removal proceedings based on a number of newspaper articles, an Amnesty International report, and the statement of a U.S. Congressman, all of which discuss the situation of Sikhs in India, but none of which relate to Singh specifically.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." Kaur, 413 F.3d at 233–34; Ke Zhen Zhao v. DOJ, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). "The statutory framework governing asylum proceedings does not provide for motions to reopen or reconsider, and the right to make such motions depends entirely on the administrative regulations." Kaur, 413 F.3d at 234 (internal quotation marks omitted). The regulations, in turn, provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); Kaur, 413 F.3d at 234. Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is the movant's failure

to establish a prima facie case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In the present case, the BIA denied Singh's motion to reopen because it concluded that the new evidence did not establish a prima facie case of eligibility for asylum or withholding of removal. This was a proper basis for denying the motion, *see Abudu*, 485 U.S. at 104, 108 S.Ct. 904, and it was a rational conclusion. The evidence Singh offered in support of his motion related only to the issue of whether there is persecution of Sikhs in India. That issue, however, was not the basis of the IJ's denial of Singh's underlying claims for relief. Instead, the IJ denied Singh's underlying claims because he had not offered sufficient evidence to prove the facts he alleged as to his *own* experiences and his *own* fear of persecution. To date, Singh has failed to offer such evidence or to explain why it is absent.

For the foregoing reasons, the petition for review is DENIED, and the outstanding motion for a stay of removal is DENIED.